DANIELS and BARTLETT, JJ., concurred.

Order affirmed, with ten dollar costs and disbursements.

---

In the Matter of MARY E. HYNES as General Guardian, etc.

*Agreement between an attorney and client to bring a suit on shares — when a determination, upon a reference, as to the value of the property forming the basis of the attorney's claim, is conclusive in all subsequent proceedings.*

An action having been brought on behalf of an infant under an agreement between his mother, as general guardian, and the attorney in the action, whereby the attorney was to receive one-third of the value of all property recovered thereby, and a judgment having been recovered in such action in favor of the infant, an application was made by the mother and general guardian to sell certain real estate of the infant in order to pay debts from the proceeds thereof, on which application a reference was ordered to inquire into the merits of the application and as to the truth of the allegations of the petition.

The referee made a report that there existed an indebtedness to such attorney on the part of the infant, in the amount of one-third of the net value of the property recovered in such action, and determined and stated the value of the property so

recovered and ascertained thereby the amount of the indebtedness. This report was denied confirmation on the ground that there was not sufficient evidence as to the reasonableness of the agreement between the general guardian and the attorney. The matter having been referred back to the referee a supplemental report was thereafter made, which was confirmed, adjudging, upon the basis of the estimated value of the property recovered, that the indebtedness of the infant, under the agreement made with the attorney, was over $40,000, and the special guardian was authorized to sell the real estate and pay such sum out of the proceeds of such sale to such attorney.

The property was subsequently sold and realized less than the estimated value thereof, as fixed by the referee, whereupon the special guardian petitioned the court asking that the alleged indebtedness to the attorney be reduced to one-third of the net proceeds of the sale.

*Held*, that the amount of such indebtedness having been determined on the previous reference, that it was too late thereafter, upon the subsequent sale of the property, to object that it was not of the value which it had been found to be by the referee upon such prior reference.

APPEAL from order of the New York Special Term, made December 31, 1886, and entered in the New York county clerk's office January 26, 1887, reducing compensation of John L. Brower, an attorney.

*T. H. Baldwin*, for J. L. Brower, appellant.

*David McClure*, for the Farmers' Loan and Trust Company, special guardian.

*Simpson & Werner*, for Solomon Kohn, receiver of property of Mary E. Hynes, respondent.

VAN BRUNT, P. J.:

Actions to establish the legitimacy of the infant sons of W. R. Hynes, and to recover his real estate for them, commenced by Mr. Brower, under an agreement between Mrs. Hynes, the mother and general guardian of said infants, and himself, whereby, in consideration of his services, his compensation was to be a sum of money equal to one-third of the value of all said property recovered and restored to her and her children.

After a long litigation these actions were successful and real estate of large value was recovered. On the 1st of April, 1884, Mrs. Hynes, having presented her petition for leave to sell certain real estate in order to pay debts, an order was made referring it to a referee to

inquire into the merits of the application and the truth of the allegations of the petition, and to hear the allegations and proofs of all persons interested in the property or in the application, and report with his opinion thereon, particularly as to the alleged indebtedness of the infants, together with the testimony, with all convenient speed.

In June, 1884, the referee made a report reporting, among other things, as a debt of the said infants, the amount of one-third of the net value of the property recovered under the agreement above mentioned, and then proceeded to assess the value of the property, and reported that over $19,000 was due from each of the infants to Mr. Brower upon the valuation found by him. Upon the coming in of the report, confirmation was denied upon the ground that there was not sufficient evidence as to the reasonableness of the agreement between Mrs. Hynes and Mr. Brower, and it was referred back to the referee to enable the parties to produce additional proof upon this point. After proceedings before the referee upon this new order of reference, a supplemental report was made to this court in September, 1885. On the 8th of June, 1886, an order was entered confirming said report and adjudging, upon the basis of the estimated value of this property, that the indebtedness from these infants and Mrs. Hynes under the agreement made for the prosecution of the suits was over $40,000. The special guardian was authorized to sell and was directed to pay to Brower out of the proceeds of the real estate the sum adjudged to be due.

Some portion of the property was sold almost immediately thereafter; and the sale of other parts of the property was deferred for some time, and resulted in a price less than the estimated value in 1884, at the time of the reference in question. Thereupon the special guardian petitioned this court to reduce the alleged indebtedness to Brower to one-third of the net amount of the proceeds of the sale, deducting taxes, etc., down to the time of passing title to the purchaser, which motion was granted by the court below, and from the order thereupon entered this appeal is taken. The proceeding out of which this controversy arises was a proceeding upon the part of a general guardian to sell real estate belonging to infants, in order to pay the indebtedness of the infants incurred by the general guardian on their behalf. The agreement between the general guardian and Mr. Brower being made between attorney

and client, before he could claim anything upon that agreement he was bound to show that it was reasonable, and that he had thereby taken no undue advantage of his client; because it is a familiar rule that, in all agreements between attorney and client, the presumption is against the attorney, and he must show that the agreement made with his client for compensation is not an extortionate one, but is reasonable. It was this question which was referred to the referee, and this alone, so far as the claim of Mr. Brower was concerned. However, in the consideration of this question the referee was compelled to take proof of the value of the property in order to show the amount which would be received by Mr. Brower as the result of these litigations, in pursuance of his agreement·with the general guardian. This question of amount was a very essential one to be considered in determining the question as to the reasonableness of the agreement. If the report of the referee had stopped there and the action of the court had stopped there, and the court had simply determined that the agreement was reasonable, and that Brower was entitled to receive one-third in value of the premises recovered in these litigations, the contention, upon the part of the respondents, would have been established, namely, that the question of the amount of the indebtedness was not in litigation or in controversy in that proceeding, and, as a conclusion, there would have been no adjudication which would be binding upon the infants or their representatives.

But the referee went further and determined the amount of the indebtedness which was due to Brower from these infants; and the court in confirming his report adjudged that a certain amount was due from these infants to Brower. It is to be observed that Brower's compensation was not to depend upon the sale of the premises recovered. His agreement was that he should receive a sum of money equal to the one-third of the value of said property recovered and restored to Mrs. Hynes and her children. Therefore, in determining as to the reasonableness of this agreement the value of the property was a necessary fact to consider; and in determining the amount of the indebtedness, such indebtedness was necessarily determined by the value of the property recovered, and, thereupon, upon the coming in of the report, the court adjudged the indebtedness to be thus and so, and from this order an appeal was taken to

the Court of Appeals, the order was affirmed, and, therefore, became the final order of this court. In this proceeding, the court having undertaken to ascertain the amount of the indebtedness of the infants, and the creditors having proved their claims and the court having adjudged certain amounts to be due to those creditors, it is difficult to see how this adjudication can be interfered with.

If the terms of the agreement between Mrs. Hynes and Mr. Brower, fixing the latter's compensation, had contemplated that such compensation should be determined by the sale of the property recovered, then, perhaps, there might be some foundation for the position taken upon the part of the respondents. But, as already said, Brower's right to compensation nowhere depended upon a sale, but he was to be entitled to recover a sum of money equal to one-third of the value of the property recovered. This debt the general guardian sought to pay by a sale of the infant's estate, and this debt Brower established before the referee, and the court adjudged to be due to him, which adjudication was affirmed by the Court of Appeals. It seems to us that now it is too late to say that the property was not of the value which it was found to be in the proceedings before the referee.

We have not referred, in the foregoing opinion, to the question in regard to the compensation of counsel, because that is not at all necessary. The claim that the Special Term had power to correct, amend, modify or alter its previous order is not well founded, in view of the fact that such order was an adjudication upon rights over which it had jurisdiction, and was not simply an order but a judgment.

The order should be reversed, with ten dollars costs and disbursements.

DANIELS and BARTLETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.